IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOSHUA PARRISH, ) | |
| ) | |
| Plaintiff, ) | Case No. 04-6135-HO |
| ) | |
| v. ) | ORDER |
| ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

Plaintiff filed this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for supplemental security income (SSI). Plaintiff asserts a closed period of disability beginning on April 1, 1996, until December 30, 2000,[1] based on diabetes

---

[1] Plaintiff seeks SSI benefits therefore he is only entitled to receive benefits beginning on the date of application filed March 30, 1999. See SSR 83-20.

1 - ORDER

mellitus, ketoacidosis, attention deficit hyperactivity disorder, cognitive disorder, depression, and anxiety. On June 26, 2003, an administrative law judge (ALJ) found plaintiff not disabled and the Commissioner denied benefits.

Plaintiff initially sought disability benefits, but after an appeal to the district court and a remand to the ALJ, plaintiff obtained employment as a gas station attendant and consequently seeks SSI for a closed period of disability.

Plaintiff asserts that the ALJ erred in: rejecting the opinion of examining psychologist Dr. Karyn Aho; rejecting the opinion of examining medical doctor Magha Dissanayake; rejecting examining psychologist Dr. David Northway; and rejecting plaintiff's testimony.

The court finds that the ALJ erred in the respects noted above by plaintiff for the reasons stated in plaintiff's briefing. Because Dr. Aho's opinion and plaintiff's testimony establishes a closed period of disability, the case is remanded for an award of benefits for the reasons stated below.

The ALJ primarily relied on the his findings that plaintiff neglected his health and was currently working, in concluding that plaintiff was not disabled at any time and in rejecting various medical opinion and testimony. However, the record does not support the ALJ's conclusion because plaintiff's condition itself resulted in plaintiff's neglect of his health. In addition,

plaintiff's current employment was made possible by an accommodating employer.

Dr. Aho opined that plaintiff evidenced significant impairment with occupational functioning:

> The psychological test results reveal the presence of moderate to severe symptoms of depression and anxiety. Additionally the test results suggest the presence of dependent personality characteristics as well as passive-aggressive tendencies. The mental status examination reveals impairments with processes of attention and concentration, as measured by his performance on the digit span task. Mr. Parrish evidences significant impairment with social functioning and in his ability to appropriately maintain activities of daily living.
>
> Mr. Parrish demonstrates a disregard for his health to a degree which is alarming. Mr. Parrish is aware of the consequences of not managing his diabetes appropriately, and yet continues to neglect taking appropriate action to manage his diabetic symptoms. This neglect and indifference appears to be the result of a combination of symptoms of depression and personality characteristics of dependence and passive-aggressiveness. Clearly, Mr. Parrish's failure to appropriately treat and attend to his diabetes then impacts his mental condition, his clarity of thought, and his depressive symptoms.... However, as a result of the combination of medical and psychological factors, Mr. Parrish demonstrates marked impairment in his ability to maintain appropriate occupational and social functioning.

Tr. 203.

The ALJ rejected Dr. Aho's opinion. The ALJ found that Dr. Aho does not identify any testing showing a marked limitation. The ALJ further found that Dr. Aho's opinion is unsupported by the medical record and it is not consistent with the plaintiff's statement at the prior hearing that he gets around on the bus and sees friends quite a bit. The ALJ also found the opinion

3 - ORDER

inconsistent with plaintiff's current job. Tr. 538.

Where an ALJ chooses to disregard the opinion of a examining physician, he must set forth clear and convincing reasons for doing so if the physician's opinion is not contradicted by another doctor. Smollen v Chater, 80 F.3d 1273, 1285 (9th Cir. 1996). If the physician's opinion is contradicted by another doctor and the ALJ wishes to disregard the opinion, the ALJ must set forth "specific, legitimate reasons for doing so that are based on substantial evidence in the record." Id. To meet this burden the ALJ must set out a detailed analysis and thorough summary of the facts and conflicting clinical evidence, state his interpretation thereof, and make findings. Embrey v Bowen, 849 F.2d 418, 421 (9th Cir. 1988).

Dr. Aho did perform clinical testing and also relied on her own observations. Tr. 203. Dr. Aho's assessment is consistent with the reports of Drs. Beickel, Mace, and Northway. See Tr. 197, 245, 249, 496-97, 500, 503, 505, 508. Plaintiff only visited one friend and this small amount of socializing is not inconsistent with Dr. Aho's opinion. See Tr. 49, 51.

Neither the Act nor regulations direct the Commissioner to treat an applicant's employment after a claimed period of disability as evidence against the applicant's claim. Although Social Security regulations provide that employment "during any period" of claimed disability may be probative of a claimant's

ability to work, 20 C.F.R. §§ 404.1571, 416.971, no similar consideration is recommended with regard to work after the claimed period of disability. It is clear that "the framers of the Act contemplated that some applications for benefits would be made which would result in an award of benefits after the claimant had recovered from his disability." Myers v. Richardson, 471 F.2d 1265, 1267 (6th Cir. 1972) (citing 42 U.S.C. § 416(i)(2)(D) ("period of disability shall end with ... the second month following the month in which the disability ceases")); cf. Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 805, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999) ("Improvement in a totally disabled person's condition, while permitting that person to work, will not necessarily or immediately lead the SSA to terminate ... benefits."). The SSA's regulations provide for a "trial work period" in which a claimant may "test your ability to work and still be considered disabled." 20 C.F.R. § 404.1592.

> Given that the Social Security Act and regulations are designed "to encourage individuals who have previously suffered from a disability to return to substantial gainful employment," Flaten v. Secretary of HHS, 44 F.3d 1453, 1458(9th Cir. 1995), we hold that an applicant's employment that begins after the end of the period for which the applicant is seeking disability benefits, unless wholly inconsistent with the claimed disability, is not a "specific and legitimate" reason for rejecting the opinions of examining physicians that an individual is disabled. It follows that such a record of work does not supply the more demanding "clear and convincing" reason required to reject the medically supported testimony of an applicant.

Moore v. Commissioner of Social Security, 278 F.3d 920, 925 (9th

5 - ORDER

Cir. 2001) (emphasis added).

Plaintiff's employer was sympathetic and accommodating. Tr. 653. The vocational expert testified that such accommodation was not likely to be tolerated by most employers. Tr. 667-68. Plaintiff's employment after the closed period, for which he seeks SSI, is not wholly inconsistent with his claimed disability. Therefore, the ALJ erred in rejecting Dr. Aho's opinion as well as plaintiff's testimony which was rejected for much the same reasoning. Marked impairment in plaintiff's ability to maintain appropriate occupational functioning would preclude employment and the VE testified that the need to use the bathroom up to ten to twelve times per day, as plaintiff testified, would preclude employment. Tr. 667-68.

The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court. Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing Stone v. Heckler, 761 F.2d 530 (9th Cir. 1985)). Remand is appropriate where further proceedings would be likely to clear up defects in the administrative proceedings, unless the new proceedings would simply serve to delay the receipt of benefits and are unlikely to add to the existing findings. McAllister v. Sullivan, 880 F.2d 1086 (9th Cir. 1989).

Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, the

court generally credits that opinion as a matter of law. <u>Lester v. Chater</u>, 81 F.3d 821, 834 (9th Cir. 1995); <u>Hammock v. Bowen</u>, 879 F.2d 498, 502 (9th Cir.1989). The same is true for inadequately rejected claimant testimony. <u>Smolen v. Chater</u>, 80 F.3d 1273, 1292 (9th Cir. 1996). Accordingly, the record is complete and an award of benefits is appropriate.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and the case remanded for an award of benefits.

DATED this 14th day of April, 2005.

_____
UNITED STATES DISTRICT JUDGE